IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER VORBIEV, et al.,

    Plaintiffs,

  v.

McDONNELL DOUGLAS HELICOPTERS, INC.,

    Defendant.

No. C 08-05539 JSW

**ORDER GRANTING MOTION FOR DISMISSAL *FORUM NON CONVENIENS***

Now before the Court is the motion to dismiss on the basis of *forum non conveniens* filed by defendant McDonnell Douglas Helicopters, Inc. ("MDHI"). The Court finds the motion appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing date of **June 19, 2009.** Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS MDHI's motion to dismiss for *forum non conveniens*.

**BACKGROUND**

On August 9, 2006, a MD600N helicopter crashed in the village of Uvat, Tyumen in the Russian Federation ("Russia"). Tyumen is approximately 1,300 miles southeast of Moscow in the Urals Federal District. The accident was investigated by the Tyumen Transport Prosecutor's Office. (Declaration of Christopher S. Hickey, Ex.A.) The three injured passengers aboard were citizens of Russian who filed a complaint for damages in a California court against McDonnell Douglas Helicopters ("MDHC"), which Plaintiffs believed to be a

1 division or subsidiary of the Boeing Company ("Boeing"), which has a significant presence in
2 California. After discovery that MDHI and MDHC were separate companies and that the
3 proper defendant is wholly independent of Boeing, Plaintiffs dismissed Boeing and MDHC and
4 named the appropriate defendant, MDHI, an Arizona company. After removal to this Court on
5 the basis of diversity jurisdiction, the pleadings were corrected. The current plaintiffs, all
6 citizens of Russia, sue MDHI, an Arizona company, for damages incurred as a result of an
7 accident in Russia.

8 Defendant MDHI now moves to dismiss the complaint on the basis of *forum non*
9 *conveniens*.

## ANALYSIS

**A.     Legal Standards.**

"'A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties.'" *Tuazon v. R.J. Reynolds Tobacco* Co., 473 F.3d 1163, 1177 (9th Cir. 2006) (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001)). The party moving to dismiss the action based on *forum non conveniens* bears the burden to show "(1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002).

A plaintiff's choice of forum normally receives great deference. *Tuazon*, 433 F.3d at 1177. Where, as here, however, the plaintiff is not a resident of the forum, the Court may accord the plaintiff's choice of forum less deference. *See, e.g., Lueck*, 236 F.3d at 1143; *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). In either situation, a defendant's burden in moving to dismiss based on *forum non conveniens* is quite high. A "plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors *strongly* favor trial in the foreign country." *Dole,* 303 F.3d at 1118 (citations omitted) (emphasis added); *see also Tuazon*, 433 F.3d at 1180 ("a plaintiff need not select the optimal forum for his claim, but only a forum that is not so oppressive and vexatious

2

to the defendant 'as to be out of proportion to plaintiff's convenience'") (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)).

**B.    MDHI's Motion Is Granted.**

    **1.    Adequate Alternative Forum.**

Plaintiffs contend that courts in Russia would not provide an adequate alternative forum. "Generally, an alternative forum is available where the defendant is amenable to service of process and the forum provides 'some remedy' for the wrong at issue." *Tuazon*, 433 F.3d at 1178 (quoting *Lueck*, 236 F.3d at 1143). Plaintiffs do not dispute MDHI's representations that it will consent to the jurisdiction of the Russian courts. (*See* Motion at 4 n.2; Declaration of J. Randall Walti ("Walti Decl."), ¶ 6.)

Here, Russia is an available and adequate alternative forum. *See Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir. 1990) (holding that where defendant consents to jurisdiction in foreign forum, an alternate forum is presumed to be available); s*ee also Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681, 709-710 (S.D.N.Y. 2003) (dismissing on *forum non conveniens* grounds in part on the basis that Russia provided an adequate alternative forum); *see also Esheva v. Siberia Airlines*, 499 F. Supp. 2d 493, 501 (S.D.N.Y. 2007) (dismissing an action against Russian air carrier on behalf of victims of an airplane crash in Russia on *forum non conveniens* grounds).

Plaintiffs' argument that Russian courts would not provide an adequate alternative forum is based primarily on allegations as to the question of enforceability of any judgment Plaintiffs may be able to secure and because there is a possibility that there would be no pre-trial discovery available to either party. In this regard, Plaintiffs contend that it is MDHI's burden to demonstrate that such legal avenues could be pursued and that the company has failed to meet its burden here. In addition, Plaintiffs contend that the parties would not be treated fairly because of the reality of the current Russian legal environment. Plaintiffs provide the Court with a declaration from Professor Ethan S. Burger in which he states that the Russian court system is corrupt and that the courts would be unwilling to resolve this litigation. On this

3

ground, Plaintiffs argue that the forum would not be adequate as the reality of the Russian court system would not provide for a remedy to Plaintiffs.

First, MDHI does establish by virtue of its submissions from a Russian practicing lawyer that any judgment would be enforceable and that discovery would be available. (*See* Declaration of Irina Onikienko, ¶¶ 3-16; Declaration of Irina Onikienko on Reply, ¶¶ 3-8; *see also* Walti Decl, ¶ 6(c) and (e) (MDHI represents that it would submit to its discovery obligations in Russia and that it would pay any non-appealable judgment, if granted.) Second, the declaration of Professor Burger does not demonstrate that Plaintiffs cannot obtain relief within the Russian judicial system. The conclusory statements, based primarily on multiple layers of hearsay, do not establish that the Russian courts would not provide an adequate alternate forum. *See Base Metal Trading*, 253 F. Supp. 2d at 709-710 (rejecting Professor Burger's assertions that Russia did not provide an adequate alternative forum); *see also Esheva*, 499 F. Supp. 2d at 499-500 (same).

### 2. Balance of Public and Private Interest Factors.

"Given the existence of an adequate alternative forum, a district court must consider the balance of private and public interest factors to determine whether to dismiss on grounds of forum non conveniens." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 769 (9th Cir. 1991) (citations omitted).

#### a. Private Interest Factors

Courts consider the following private interest factors: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Lueck*, 236 F.3d at 1145 (citations omitted). "In applying these factors '[t]he district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each.'" *Tuazon*, 433 F.3d at 1180 (quoting *Lueck*, 236 F.3d at 1145).

4

### i. Residence of the Parties and Witnesses.

Plaintiffs are all residents of Russia; Defendant is a resident of Arizona. Any witnesses to the accident would be in Russia; any witnesses to the maintenance and upkeep of the helicopter is located in Russia. Therefore, this factor weighs in favor of dismissal.

### ii. Forum's Convenience to the Litigants.

Plaintiffs contend that the convenience to remain here would only adversely affect them and that MDHI would suffer no inconvenience by litigating in the United States. This factor remains neutral considering that MDHI is willing to submit to the jurisdiction of the Russian court system and the Plaintiffs, Russian citizens, are willing to suffer the inconvenience of a foreign jurisdiction.

### iii. Access to Physical Evidence and Other Sources of Proof.

The majority of the physical evidence and documents relevant to this matter are located in Russia, including the accident wreckage and site, the local accident reports and investigations, the maintenance records for the helicopter, the training records of the pilot, any air traffic control transcripts or information, as well as the Plaintiffs' medical and income records. Any documents on the design or manufacture of the helicopter which may be located in the United States will be made available to the parties in Russia. (Walti Decl., ¶ 6(c).) However, the vast majority of evidence is, apparently, located in Russia. Therefore, this factor weighs in favor of dismissal.

### iv. Residence of Witnesses and Whether Unwilling Witnesses Can Be Compelled to Testify.

When the Court considers the evidence presented by the parties on this factor, it "examine[s] the materiality and importance of the anticipated witnesses' testimony and then determine[s] their accessibility and convenience to the forum." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984). It appears from the record before this Court that the majority of witnesses, i.e., Plaintiffs themselves, any witnesses, air traffic controllers, investigators, local medical, fire and police personnel, medical providers and those responsible for the maintenance, inspection and repair of the helicopter are available in Russia. Non-party

factual witnesses are resident in Russia and outside the compulsory process of this Court. In addition, the witnesses relevant to the American design and manufacture will be made available to Plaintiffs in Russia. (Walti Decl., ¶ 6(c).) Again, this factor weighs in favor of dismissal.

### v. Cost of Bringing Witnesses to Trial.

Although it appears that the majority of witnesses are located in Russia and therefore the cost would be less if this case were dismissed, the parties do not address this factor. Therefore, the Court considers this factor is neutral.

### vi. Whether A Judgment Could Be Enforced.

It appears that a judgment could be enforced in either jurisdiction. As such, this factor is neutral.

### vii. Considerations Regarding Ease, Expeditiousness, and Expense of Trial.

Plaintiffs argue that the critical information about the helicopter is located in America. However, the crash site, the maintenance records, the flight records and all information about the pilots is located in Russia. To the extent information is requested from MDHI, it shall be provided. (*See* Walti Decl., ¶ 6(c).) Therefore, the Court finds that this factor weighs in favor of dismissal.

### b. Public Interest Factors.

The public interest factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on the local courts and juries, (4) congestion in the courts, and (5) the costs of resolving a dispute unrelated to a particular forum." *Tuazon*, 433 F.3d at 1181 (citing *Lueck*, 236 F.3d at 1147).

### i. Local Interest of the Lawsuit.

Plaintiffs do not dispute the fact that Russia has an interest in adjudicating a dispute involving its citizens. "[W]ith this interest factor, we ask only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." *Tuazon*, 433 F.3d at 1182. Here, although a United States company, MDHI is not even a California corporation.

6

There is nothing in the record to indicate that this forum has any identifiable interest in this lawsuit. Accordingly, this factor weighs in favor of dismissal.

### ii. Court's Familiarity with the Governing Law.

The parties also dispute what law would apply. Plaintiffs contend that the Court "should apply U.S. law to all issues in this case." (Opp. Br. at 19.) It is not clear whether Plaintiffs argue that California law should apply (or rather, for instance, Arizona law would apply). However, the applicable law is determined by performing "choice of law analysis under California's 'governmental interest' approach. *Dole*, 303 F.3d at 1119 (citation omitted); *Kearny v. Salomon Smith Barney, Inc*, 39 Cal. 4th 95, 107 (2006). Under the governmental interest approach, in the event of a conflict between the law of the Russian and California law, "the law of the sovereign with the greater interest in having its law applied controls." *Id.* Although it appears that many issues would be governed by Russian law, at this time, the Court need not perform a choice of law determination because this case does not involve a statute mandating venue in a United States district court. *See Leetsch v. Freedman*, 260 F.3d 1100, 1103 n.1 (9th Cir. 2001) ("The district court was not required to make a choice of law determination [in its *forum non conveniens* analysis], because this case did not involve a statute requiring venue in the United States."). Undoubtedly, this case will require a choice of law analysis, but this determination will occur regardless of the forum. Therefore, this factor is neutral.

### iii. Burden on Local Courts and Juries.

MDHI argues that because California has little interest in this case, a trial in this forum "will be lengthy, complicated and highly technical' and citizens of a forum with no connection to the acts giving rise to the litigation "should not be subjected to unnecessarily long jury service." (Motion at 10.) The Court agrees. Plaintiffs merely contend that courts "exist to hear disputes and resolve them [and] ... any dismissal of any case would, of course, reduce the workload of any court." (Opp. Br. at 20.) Considering that California has no interest in the resolution of this case, there is no reason to impose the burdens of trial and jury service on this forum. *See, e.g., Piper Aircraft*, 454 U.S. at 252; *Lueck*, 236 F.3d at 1147.

### iv. Court Congestion.

Regarding court congestion, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet*, 743 F.2d at 1337. Plaintiffs argue that "whatever congestion or calendar wait there might be in the United States system is of minor significance compared to the hurdles that the plaintiffs would face attempting to go forward in the Russian system." (Opp. Br. at 18.) MDHI does not contest this issue. However, neither party produces any evidence on this point, and the Court finds that this factor is neutral.

### v. Costs of Resolving a Dispute Unrelated to this Forum.

It is evident to this Court that there will be significant costs involved in resolving this dispute, a dispute which this Court finds has no connection to this forum. Therefore, this factor weighs in favor of dismissal.

### c. Balancing the Public and Private Interest Factors.

In a motion to dismiss for *forum non conveniens*, the defendant bears a heavy burden to prove that "the 'private interest' and 'public interest' factors *strongly* favor trial in the foreign country." *Dole,* 303 F.3d at 1118 (citations omitted) (emphasis added). However, the Court's evaluation of the relevant factors indicates that, in the balance, the factors favor dismissal. As such, the Court concludes that MDHI has met its burden to show that this matter should be dismissed on the grounds of *forum non conveniens*.

### CONCLUSION

For the foregoing reasons, MDHI's motion is GRANTED. The matter is HEREBY DISMISSED. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated; June 18, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE